UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY D. BARGER,<br>aka GARY FRANCIS FISHER,<br>aka GARY DALE BARGER,<br>       Petitioner,<br>    v.<br>DIRECTOR OF OPS OF CDCR,<br>       Respondent. | Case No. 17-cv-00907-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 2 |

This federal action was filed as a petition for writ of habeas corpus under 28 U.S.C. § 2254, that is, as a challenge to the lawfulness or duration of petitioner Sonny D. Barger's incarceration. A review of the petition, however, shows that Barger's intent is to challenge the conditions of his confinement, specifically the adequacy of medical care in prison.[1] Therefore, if he prevails here it will not necessarily affect the length of his incarceration. This means that his claim is not the proper subject of a habeas action, but must be brought as a civil rights case under 42 U.S.C. § 1983. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action proper mechanism for challenging "legality or duration" of confinement; civil rights action proper method for challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891–92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of

---

[1] If Barger wants to challenge in federal court the validity of his state conviction, he should file a habeas petition in the district of conviction, which here is the Eastern District.

1  confinement must be brought in civil rights complaint).

2  In an appropriate case a habeas petition may be construed as a section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time when the *Wilwording* case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $400 ($350 if IFP status is granted) and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted IFP status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $400 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for Barger if the Court were to construe the petition as a civil rights complaint, this federal action is DISMISSED without prejudice to his filing a civil rights action if he wishes to do so in light of the above. **Because he challenges the conditions of confinement in Kern County, where he is housed, he should file such civil rights action in the Eastern District of California.**

Barger's motion to proceed IFP (Docket No. 2) is GRANTED.

The Clerk shall terminate Docket No. 2, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** February 24, 2017



WILLIAM H. ORRICK
United States District Judge